## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **TINA MOORE** | : | **Case No.: 2:23-cv-347** |
| **206 HARKLEROAD COURT** | : | |
| **PICKERINGTON, OH 43147** | : | |
| | : | |
| **Plaintiff,** | : | **Judge:_____** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE CHILDREN'S** | : | |
| **HOSPITAL** | : | |
| **c/o RHONDA L. COMER** | : | |
| **700 CHILDREN'S DRIVE** | : | |
| **7TH FLOOR FL-OCC** | : | |
| **COLUMBUS, OH 43205** | : | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Tina Moore, ("Moore" or "Plaintiff"), by and through the undersigned counsel, and for her Complaint against the Defendant, states and avers the following:

## NATURE OF THE ACTION

This is an action for religious discrimination in violation of Title VII of the Civil Rights act as codified in 42 U.S.C.S. § 2000e et seq. Ms. Moore was discriminated against and suffered an adverse employment action due to her inability to receive a COVID-19 vaccination because of her sincerely held religious beliefs

1

and Defendant Nationwide Children's Hospital's failure to accommodate her religious beliefs. Moore alleges that Defendant engaged in intentional discrimination against her when it failed to provide her with a reasonable accommodation because her sincerely held religious beliefs conflicted with a work requirement and instead terminated her, in violation of Title VII.

## PARTIES, JURISDICTION, AND VENUE

1.    Mrs. Moore is an American citizen, is over 21 years of age, and is a resident of the city of Pickerington, county of Fairfield, state of Ohio.

2.    Defendant, Nationwide Children's Hospital ("NCH" or "Defendant") is a large domestic nonprofit corporation with its principal place of business located in the city of Columbus, county of Franklin, state of Ohio.

3.    At all times relevant herein, Mrs. Moore was an employee of NCH and was acting in the course and scope of her employment.

4.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201, and venue is proper under 28 U.S.C. § 1391. The claims arise under Title VII of the Civil Rights Act as codified in  42 U.S.C.S. § 2000e et seq.

5.    Moore received a Right to Sue from the Equal Employment Opportunity Commission (EEOC) and has exhausted her administrative remedies prior to bringing this lawsuit.  (EXHIBIT A – Notice of Right to Sue)

## **STATEMENT OF FACTS**

6.      Moore is a former employee of NCH.

7.      Moore worked for NCH for over 24 years before her termination and was well-qualified for her position.

8.      Moore's job title was "Surgical Scheduler."   Her job duties included scheduling appointments for surgeries and related administrative tasks.

9.      Moore had both job security and upward mobility at NCH.

10.     Moore is a is a Christian and a member of a protected class under Title VII.

11.     In August 2021, NCH implemented a requirement that employees receive a COVID19 vaccine or request religious or medical exemptions from this vaccination requirement.

12.     NCH required all staff to be at least partially vaccinated by February 14, 2022, and fully vaccinated by March 15, 2022, or have an approved religious or medical exemption by March 15, 2022.

13.     Taking a COVID19 vaccine did not align with Moore's sincerely held religious beliefs.

14.     On or about February 2, 2022, Moore properly and timely submitted, via email, a request for an exemption and reasonable accommodation from receiving the COVID-19 vaccines due to her sincerely held religious beliefs.

15.    Moore received an email response that her request for a religious exemption was rejected because she had not submitted her request on the NCH-required "Religious Exemption Request Form" (the "Form").

16.    Moore completed the Form and submitted it to NCH as required.

17.    On or about March 10, 2022, Moore was informed via email from Stacy Smith, Lead Senior HR Business Partner at NCH, that:

      a.  NCH determined Moore failed to provide sufficient information showing that her religious belief, practice, or observance prohibited her from receiving a COVID19 vaccination;

      b.  Moore was being placed on unpaid leave of absence effective immediately; and

      c.  If Moore was not vaccinated before March 15, 2022, she would be moved to contingent status and her position would be posted and filled.

18.    Smith also stated that Moore did not answer all the questions on the form and sent Moore an illegible screen grab of one section of the Form purporting to be of Moore's incomplete Form.

19.    Moore could not read the screen shot that Ms. Smith sent because it was illegible.

20.    Moore asked Ms. Smith if she was referring to any specific questions because,

to the best of Moore's knowledge, she had answered all of the questions.

21.    Moore sought clarification from Ms. Smith on what part of her exemption request was not specific enough, but Ms. Smith would not provide the information.

22.    Moore offered to provide additional clarification, details, scripture, and additional information to support her sincerely held religious beliefs.

23.    NCH did not respond to Moore's offer of additional information, did not seek clarification about her beliefs, and did not permit her to provide any further explanation beyond what she was able to provide on NCH's "Religious Exemption Request Form".

24.    A reasonable accommodation for Moore already existed, in that she had already been working unvaccinated subject to masking in the office, regular COVID19 testing, and symptom monitoring.

25.    Moore was willing to continue to undergo COVID19 testing, masking, and symptom monitoring when she was required to work in the office.

26.    Accommodating Moore by allowing her to continue to work subject to testing, masking, and symptom monitoring would not create an undue hardship on NCH.

27.    Moore worked unvaccinated with testing, masking, and symptom monitoring without transmitting COVID19 to her coworkers or NCH patients.

28.    Moore's coworkers also submitted religious exemption and accommodation

requests, which NCH approved.

29. NCH discriminated against Moore by favoring her coworkers' religious beliefs.

30. Coworkers who had religious exemptions and accommodations approved were accommodated in some instances via testing, masking, and symptom monitoring.

31. These coworkers were similarly situated to Moore and had similar work duties.

32. Moore reported to work on March 10, 2022, and emailed her supervisor, Jan Paynter to see is she had received any news on Moore's exemption.

33. Paynter informed Moore she had not received any news.

34. Moore reported to work on March 11, 2022. Moore was notified via email from Human Resources to leave the property immediately because she was now work restricted.

35. Moore turned in her badge and left the building as ordered.

36. Moore called Paynter who informed Moore that she would receive a certified letter with more information.

37. Approximately one week later, Moore received a letter informing her employment has been terminated effective April 15, 2022, because she was not fully

vaccinated and her religious exemption was not approved. (EXHIBIT B – Termination Letter)

38. Moore's sincerely held religious beliefs prevent her from receiving a COVID19 vaccine. Thus, she did not receive one and was terminated on April 15, 2022.

39. After being put on work restriction, Moore no longer had access to her email or NCH computer and could not obtain copies of her filed exemption request and correspondence with Smith and other human resources personnel to provide as exhibits with this Complaint.

40. As a direct result of Plaintiff's unchallengeable sincerely held religious beliefs, which NCH illegally failed and refused to accommodate, Plaintiff was terminated in an illegal manner on April 15, 2022.

41. To treat Moore in this intentionally abusive way constitutes intentional infliction of emotional distress and violates the multiple laws described herein.

### Count I –Violation of Title VII, 42 U.S.C. § 2000e, et seq. Religious Discrimination - Failure to Accommodate

42. Moore restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

43. Title VII specifically requires Defendant to provide Plaintiff a reasonable accommodation if the tenets of Plaintiff's religion conflict with Defendant's policy,

as long as it does not cause Defendant undue hardship.

44.        Title VII contemplates and requires that Defendant and Plaintiff engage in an interactive discussion in order to develop an accommodation that will allow Plaintiff to continue her employment in a way that does not conflict with her religious beliefs.

45.     Title VII defines "religion" to include "all aspects of religious observance and practice as well as belief," not just practices that are mandated or prohibited by a tenet of the individual's faith.[18]  42 U.S.C. § 2000e(j); *see* Redmond v. GAF Corp., 574 F.2d 897, 900 (7th Cir. 1978) (observing that "the very words of the statute . . . leave little room for such a limited interpretation"; "to restrict the act to those practices which are mandated or prohibited by a tenet of the religion, would involve the court in determining not only what are the tenets of a particular religion, which by itself perhaps would not be beyond the province of the court, but would frequently require the courts to decide whether a particular practice is or is not required by the tenets of the religion."

46.     Religion includes not only traditional, organized religions such as Christianity, Judaism, Islam, Hinduism, Sikhism, and Buddhism, but also religious beliefs that are new, uncommon, not part of a formal church or sect, only subscribed to by a small number of people, or that seem illogical or unreasonable to others.

*See* Thomas v. Rev. Bd., 450 U.S. 707, 714 (1981) (ruling that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection")

47. Further, a person's religious beliefs "need not be confined in either source or content to traditional or parochial concepts of religion." Welsh v. United States, 398 U.S. 333, 339 (1970)

48. A belief is "religious" for Title VII purposes if it is "religious" in the person's "own scheme of things," i.e., it is a "sincere and meaningful" belief that "occupies a place in the life of its possessor parallel to that filled by . . . God." United States v. Seeger, 380 U.S. 163, 166, 176 (1965).

49. The Supreme Court has made it clear that it is not a court's role to determine the reasonableness of an individual's religious beliefs, and that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." Thomas, 450 U.S. at 714.

50. An employee's belief, observance, or practice can be "religious" under Title VII even if the employee is affiliated with a religious group that does not espouse or recognize that individual's belief, observance, or practice, or if few – or no – other people adhere to it. *Commission Guidelines*, 29 C.F.R. § 1605.1 ("The fact that no religious group espouses such beliefs or the fact that the religious group to which the

individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee or prospective employee.)

51.    NCH did not engage in a meaningful interactive process with Moore regarding her religious beliefs even after she offered to provide additional information following NCH's denial of her exemption and accommodation request.

52.    NCH did not engage in an undue hardship analysis individualized to Moore's circumstances.

53.    NCH did not enter into a meaningful interactive process with Moore regarding her accommodation or undue hardship.

54.    Moore lost substantial wages and benefits because of NCH not granting her religious exemption.

55.    The refusal to accommodate Moore's religious beliefs and her termination, and the associated stress, anxiety, and emotional trauma, caused her by her termination and refusing to accommodate her religious beliefs violate Title VII.

### Count II–Violation of Title VII, 42 U.S.C. § 2000e, et seq. Religious Discrimination – Disparate Treatment

56.    Moore restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

57.    Moore was terminated by NCH because of her religion.

58.    Moore's coworkers also submitted religious accommodation requests, which

NCH granted.

59.    At least one of Moore's coworkers originally had their exemption denied. Following this denial, NCH reexamined the application and approved the religious exemption.

60.    Moore had a position very similar to this coworker and her original exemption request was denied.  However, Moore's religious exemption was not reexamined and approved.

61.    NCH discriminated against Moore by showing preference to her coworkers' religious beliefs.

62.    Beginning in late 2021 NCH approved multiple religious accommodation requests that had previously been denied because "93% of our staff are now vaccinated, which dramatically reduces the chance of staff transmission in the workplace."  (EXHIBIT C-12.3.2021 Coworker Approval from Smith)

63.    After determining that that unvaccinated persons were no longer a safety threat nor an undue hardship once their 93% threshold was reached, there was no reason to require Moore to receive a COVID19 vaccination.

64.    Moore, regardless of whether NCH recognized her religious beliefs, could no longer be considered a safety threat or undue hardship at the time of her termination because NCH had reached their 93% vaccination threshold.

65.   Even though NCH recognized unvaccinated person were no longer a health and safety threat, NCH terminated Moore on April 15, 2022.

66.   Moore's religious beliefs and her need for an accommodation was the motivating factor behind her termination.

## Count III  Violations of ORC 4112.02

67.   Moore restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

68.   NCH's actions were unlawful discriminatory practice in violation of ORC 4112.02 A, which prohibits an employer from discharging an employee due to her religion.

69.   NCH's actions are unlawful as described in ORC 4112.02 E (1), which prohibits an employer from eliciting or attempting to elicit any information concerning the religion as a condition of employment.

## PRAYER FOR RELIEF

70.   WHEREFORE, Plaintiff seeks judgment against the Defendant for all just and proper relief including:

(A) Plaintiff seeks a jury trial on all issues so triable;

(B) Plaintiff seeks compensatory damages including lost wages, past and future lost income, physical pain, emotional distress, humiliation. As to lost wages, Plaintiff

seeks an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights and other violations described above.  Plaintiff also seeks punitive damages, as provided by Title VII, to ensure the conduct of Defendant as demonstrated herein does not continue and to punish Defendant for inflicting the harm Plaintiff has suffered and making her choose between her faith and her job.

(C) Plaintiff seeks, if applicable, reinstatement with back pay or alternatively front pay, fringe  benefits, and other compensation; and

(D) Plaintiff seeks the costs of this action, including reasonable attorney's fees, and such other legal and equitable relief as this Court deems just and proper, including pre-judgment interest.

Respectfully submitted,


   /s/ Eric A. Jones
Eric A. Jones (0081670)
JONES LAW GROUP, LLC
513 East Rich Street
Columbus, OH 43215
Phone: (614) 545-9998
Fax: (614) 573-8690
ejones@joneslg.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 22, 2023, the foregoing Complaint

and Jury Demand was filed with the Court using the Clerk of Court's electronic filing

system, which will serve copies of the foregoing on all counsel of record.

Respectfully submitted,

/S/ Eric A Jones
Eric A. Jones (0081670)
JONES LAW GROUP, LLC
513 East Rich Street
Columbus, OH 43215
Phone: (614) 545-9998
Fax: (614) 573-8690
ejones@joneslg.com

*Attorney for Plaintiff*